

LANIER SAPERSTEIN
Partner
(212) 415-9385
saperstein.lanier@dorsey.com

March 26, 2024

**VIA ECF**

Hon. Jesse M. Furman
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

      Re:    *Amalgamated Bank v. JPMorgan Chase Bank, N.A. and Armon Warren*, 23-CV-9511 (JMF) (JLC) (SDNY)

Dear Judge Furman:

      We represent Plaintiff Amalgamated Bank ("Amalgamated") in the above-referenced action, and we request permission pursuant to Fed. R. Civ. P. 4(e) and N.Y. CPLR § 308(5) to serve by alternative means the Summons and Complaint, as well as certain other case filings listed in Appendix A, on Defendant Armon Warren. We have sought to serve Defendant Warren at three different addresses, two in Georgia and one in California, without success. Chase has sought to serve its removal papers on Defendant Warren at two addresses in Georgia, also without success.

      The extended deadline for us to serve Defendant Warren is April 3, 2024 (Dkt. No. 17), and if the Court grants our request, we request permission to effect service by April 10, 2024.

## I. Background

      Amalgamated is trying to recover more than $400,000 stolen by one of Chase's customers, Defendant Warren, from one of Amalgamated's customers, a New York-based union representing local workers. Defendant Warren obtained the funds in May 2023 by depositing an altered check into one of his Chase accounts and then drawing down on the funds. On August 3, 2023, more than two months after Amalgamated's initial request for the return of the funds and after Chase already returned some of the stolen funds, Chase denied Amalgamated's request. Chase asserted that it was not obligated to return the stolen funds, asserting that the check was counterfeit, not altered.

      Amalgamated commenced this case in October 2023, and Amalgamated and Chase are in the midst of discovery. Efforts to serve Defendant Warren at five different locations by both Chase and Amalgamated have been unsuccessful. While we have been unable to serve Defendant Warren by traditional means, Defendant Warren is a social media personality, who can be fairly notified of this litigation through alternate service via email, his social media accounts, as well as his businesses.

## II. Traditional Service is Impractical

      Pursuant to Fed. R. Civ. P. 4(e), Defendant Warren can be served either in accordance with the federal rules or New York law. Fed.l R. Civ. P. 4(e)(2) and CPLR § 308 collectively allow personal service,



Hon. Jesse M. Furman
March 26, 2024
Page 2

service on an authorized representative, service at an individual's residence, and service at an individual's place of employment.[1]

We have been unable to serve Defendant Warren by any of the traditional means. Defendant Warren no longer resided at the address listed on the altered check when we sought to serve him in October 2023. *See* Exhibit 1 at 1. In February 2024, after we obtained a copy of Defendant Warren's driver's license from Chase, we sent a process server to the address listed on the driver's license and the process server reported that no one was there and the premises appeared vacant. *See* Exhibit 2 at 1. Defendant Warren also does not live at the address of his former significant other, who we identified using a background check. *See* Exhibit 3 at 1. Neither Amalgamated nor Chase has been able to serve him by traditional means. *See* Exhibit 4 at 1-4 (reflecting Chase's repeated unsuccessful efforts to serve Mr. Warren). Mr. Warren's recent YouTube posts reference him touring potential housing in Florida and California, and indicate that he was recently in Tennessee, but gave no indication of his present location.

### III.     Alternate Service will be Sufficient to Notify Mr. Warren of this Litigation

Under New York law, if service is not practicable using traditional methods, service may be effected in any manner that the Court orders. CPLR § 308(5). Alternative service is appropriate when traditional service is impractical and the proposed alternate means of service comply with due process by making it likely that the defendant will receive notice of the lawsuit. *See, e.g., Shanghai Shuoxin Int'l Co., Ltd. v. El Toro Carmesi, LLC*, 23-cv-08496 (ER), 2023 U.S. Dist. LEXIS 194196, *3 (S.D.N.Y. Nov. 30, 2023) (authorizing email service because there was evidence that defendant accessed email account at issue and thus was likely to receive notice).

While Mr. Warren cannot be served through traditional means, we propose serving him through one or more of the five following alternative methods:

*First*, we can effect service via two email addresses. Mr. Warren shares ones of his email addresses in the public videos he posts via the social media platform, Instagram, including in an October 18, 2023 video (showing ArmoneyBookings@gmail.com email address eighteen seconds into video).[2] Mr. Warren listed the same email address—armoneybookings@gmail.com—in ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇. Exhibit 6 at JPMC0129. Mr. Warren also listed a second address, ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇, in ▇▇▇▇▇▇▇▇▇▇▇▇▇. Exhibit 6 at JPMC0261-2. Courts have allowed alternate service via email when a defendant is likely to receive the email because they actively post/advertise about it. *See, e.g., Sulzer Mixpac AG v. Medenstar Indus. Co.*, 312 F.R.D. 329, 332 (S.D.N.Y. 2015) (authorizing email service where email was displayed on company website and thus was likely to receive notice).

*Second*, we can effect service via Defendant Warren's Instagram account. Defendant Warren is an active Instagram user with more than 2.4 million followers. His username is @armon.warren, and he can

---

[1]     While Defendant Warren does not appear to reside in New York, CPLR § 313 states that a person subject to this Court's jurisdiction may be served anywhere outside the state of New York in accordance with the rules for service within the state.

[2]     *See* Exhibit 5, Screenshot from October 18, 2023 video, available at https://www.youtube.com/watch?v=IkLzC3cAbRQ.



be sent direct messages through his Instagram account. Mr. Warren frequently goes "live" on Instagram and posts videos, including on March 21, 2024, when he went live for 35 minutes 15 seconds. Courts also allow service via social media where, as here, the defendant actively engages on these platforms. *See, e.g., FNTV, LLC v. Starnes Media Grp. LLC*, 22-CV-4042, 2023 U.S. Dist. LEXIS 140036, *3-4 (E.D.N.Y. August 10, 2023) (granting default judgment after agreeing to alternate service on defendant, an active social media user, by "email, Facebook, Twitter, and Instagram").

*Third*, we can effect service by sending the documents listed in Appendix A via US Mail to Mr. Warren's attention care of Ar'mon and Trey LLC at the address of Ar'mon and Trey LLC's registered agent for service of process. Ar'mon and Trey LLC is a Michigan Limited Liability Company organized by Ar'mon Warren and Treyvion Traylor, with the registered agent Shiquita Hathaway. *See* Exhibit 7. In other words, Mr. Warren and his brother are Ar'mon and Trey LLC's members, and Mr. Warren's mother is its registered agent for service of process. Alternate means of service can include serving an entity through an organization in which the defendant has an ownership interest. *See Berdeaux v. Onecoin Ltd.*, 2020 U.S. Dist. LEXIS 13324, *4-5 (S.D.NY. Jan. 24, 2020) (upholding service on a defendant through a company in which it had an ownership interest and through other methods because these methodologies, when combined, were "reasonably calculated to apprise interested parties of the pendency of the litigation and afford them an opportunity to appear").

*Fourth*, we can effect service by sending the documents listed in Appendix A via US Mail to Mr. Warren's attention care of ArmoneyMerch LLC through its last known registered agent for service of process. Mr. Warren is the organizer of ArmoneyMerch LLC, which lists the same Peachtree address as on the altered check. A copy of the Certificate of Organization for Mr. Warren's business is attached hereto as Exhibit 8. ArmoneyMerch LLC was administratively resolved on September 8, 2023 because it violated Georgia's registration laws, but we believe serving on it would provide notice to Defendant Warren, especially in conjunction with the above efforts. *See, e.g., Platina Bulk Carriers Pte Ltd v. Praxis Energy Agents DMCC*, 2020 U.S. Dist. LEXIS 191351, *6 (S.D.N.Y. Oct. 15, 2020) (holding that, while some of the service methods plaintiff proposed, including serving defendants at an address they no longer appeared to occupy, might fail, the combined method would be "reasonably calculated" to notify the defendants of the lawsuit); *Berdeaux v. Onecoin Ltd.*, at *5.

*Finally*, we can effect service by sending the documents listed in Appendix A via US Mail to Mr. Warren's attention at 161 Peachtree Center Avenue, NE Ste 2, Atlanta, Georgia, 30303, the address Mr. Warren provided on the check at issue in this litigation.

\*     \*     \*

Amalgamated respectfully requests that, pursuant to Fed. R. Civ. P. 4(e) and N.Y. CPLR § 308(5), it be authorized to serve the Summons and Complaint, as well as the other case filings listed in Appendix A on Mr. Warren by one or more of the above methods.



Hon. Jesse M. Furman
March 26, 2024
Page 4

                                        Sincerely,

                                        */s/  Lanier Saperstein*

                                        Lanier Saperstein

Enclosures

cc: All counsel of record (via ECF)

---

Plaintiff's letter motion for leave to effectuate service by alternate means pursuant to Rule 4(e) of the Federal Rules of Civil Procedure is GRANTED, substantially for the reasons reflected in the letter motion and the exhibits attached thereto.  Plaintiff has made the requisite showing that "traditional methods of service" have proved "impracticable" and that the alternate methods it proposes are, taken together, "reasonably calculated, under the circumstances, to apprise [Defendant Warren] of the pendency of the action and afford [him] an opportunity to present [his] objections." *Sirius XM Radio Inc. v. Aura Multimedia Corp.*, 339 F.R.D. 592, 593 (S.D.N.Y. 2021); *see also, e.g.*, *Vega v. Hastens Beds, Inc.*, 339 F.R.D. 210, 217 (S.D.N.Y. 2021) ("[S]ervice by email alone comports with due process where a plaintiff demonstrates that the email is likely to reach the defendant."). Plaintiff is granted through and until **April 10, 2024**, to effectuate service on Defendant Warren and shall serve the documents listed in Appendix A, in addition to a copy of this Order, on Warren by **each of the five proposed methods of alternate service**.

Additionally, Plaintiff's motion to redact portions of its letter motion and maintain under seal Exhibit 6 attached thereto is GRANTED, substantially for the reasons stated in its motion.  *See* ECF No. 29; *see also, e.g.*, *Cantinieri v. Verisk Analytics, Inc.*, No. 21-CV-6911 (NJC) (JMW), 2024 WL 759317, at *2 (E.D.N.Y. Feb. 23, 2024) (observing that privacy interests in maintaining PII under seal "weigh heavily in the Court's balancing against the presumption of access" and "the public will not be prejudiced if denied access to this information").

The Clerk of Court is directed to terminate ECF Nos. 29, 30 & 31.

                                        SO ORDERED.

                                        March 27, 2024



Hon. Jesse M. Furman
March 26, 2024
Page 5

## Appendix A

Set forth below is the list of documents that Amalgamated proposes to serve on Defendant Warren:

1. Amalgamated's Summons and Complaint (Dkt. No. 1-1)
2. Chase's Notice of Removal (Dkt No. 1)
3. Civil Case Management Plan (Dkt. No. 17)
4. Confidentiality Stipulation and Protective Order (Dkt. No. 20).
5. Copy of Docket Sheet as of March 26, 2024