Case 1:23-cv-09511-JMF   Document 66   Filed 05/21/24   Page 1 of 2



<div style="text-align:right">
**HELEN JIANG**
Associate
(212) 415-9384
jiang.helen@dorsey.com
</div>

May 20, 2024

**VIA ECF**

> The motion to seal is granted temporarily. The Court will assess whether to keep the documents at issue sealed or redacted when resolving the underlying dispute. The Clerk of Court is directed to terminate ECF Nos. 50 & 51.
>
> SO ORDERED.
>
> *[signature]*
>
> May 21, 2024

Hon. Jesse M. Furman
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

Re:   *Amalgamated Bank v. Armon Warren*, 23-CV-9511 (JMF) (JLC) (SDNY)

Dear Judge Furman:

We represent Plaintiff Amalgamated Bank ("Amalgamated") in the above-referenced action. We respectfully request an order (1) sealing specific personal identifiable information ("PII") regarding Defendant Armon Warren and confidential materials ("Confidential Materials") referenced in the Amalgamated's motion for default judgment ("Default Motion"), and (2) granting leave to file the unredacted Default Motion under seal.

The Confidential Materials we request to be filed under seal includes the following:

- Exhibit A attached to Declaration of Sabrina Stratton in support of the Default Motion;

- Exhibit B attached to Declaration of John Capra in support of the Default Motion; and

- Exhibit I, Exhibit II, Exhibit III, and Exhibit IV attached to Affirmation of Shan Helen Jiang in support of the Default Motion.

In accordance with the *Step-by-Step Instructions for Attorneys on How to Electronically File Sealed Documents in Unsealed Civil and Miscellaneous Cases*, we append to this letter the Default Motion papers and the above-mentioned Confidential Materials. The information that is the subject of this sealing request is highlighted in yellow in the Default Motion papers, and we will redact the same information in the publicly filed version.

The "decision whether to seal court records requires weighing the importance of the presumption of public access . . . against the interests sought to be protected by sealing." *Encyclopedia Brown Prods., Inc. v. Home Box Office, Inc.*, 26 F. Supp. 2d 606, 610-11 (S.D.N.Y. 1998). It is a decision "left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case." *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 599 (1978) (citations omitted). The Court has previously granted Amalgamated's first request to seal certain documents containing PII related to Warren. Dkt. 32.

Amalgamated seeks to keep the Settlement Agreement and General Prospective Release of Claims (the "Release") between Amalgamated and the Union, which is not a party to this dispute, under seal. The terms of the Release require that it be filed under seal.

51 West 52nd Street | New York, NY | 10019-6119 | T 212.415.9200 | F 212.953.7201 | dorsey.com



Hon. Jesse M. Furman
May 20, 2024
Page 2

      In addition, Amalgamated again submits this request in an abundance of caution in order to ensure its compliance with the Confidentiality Stipulation and Protective Order entered in this case (Dkt. 20) and Section 7 of Your Honor's Individual Rules and Practices in Civil Cases. Specifically, Defendant JPMorgan Chase Bank N.A. ("Chase") designated as confidential in its production certain documents containing PII related to Warren and Exhibits I through IV attached to Affirmation of Shan Helen Jiang that Amalgamated needs for its Default Motion. Chase has maintained its designation and we therefore must make this request.

      If the Court denies this application, we would promptly file unredacted copies of the Default Motion papers and the Confidential Materials on the public docket.

      Respectfully submitted,

      */s/ Shan Helen Jiang*

      Shan "Helen" Jiang

Enclosures

cc: All counsel of record (via ECF)